**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000829
26-JUN-2015
08:02 AM**

NO. CAAP-13-0000829

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SABINE TARIO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1DCW-12-0001302)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

After a jury-waived bench trial, Defendant-Appellant
Sabine Tario (Tario) was convicted of third-degree assault.
Tario appeals from the Judgment entered by the District Court of
the First Circuit (District Court)[1] on April 19, 2013. On
appeal, Tario argues that her conviction must be vacated because
the advisements she received from the District Court were
deficient. In particular, Tario contends that the District
Court's advisements were deficient because although the District
Court advised her that she had a right to testify, it failed to
advise her that she had a right not to testify. We conclude that
Tario's appeal is without merit, and we affirm the District
Court's Judgment.

---

[1] The Honorable T. David Woo, Jr. presided.

Tario exercised her right to testify in this case. In State v. Lewis, 94 Hawai'i 292, 12 P.3d 1233 (2000), the Hawai'i Supreme Court held that "the colloquy requirement to advise a defendant that he or she has a right not to testify," which it imposed in Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995), "is required only in cases in which the defendant does not testify." Lewis, 94 Hawai'i at 295, 12 P.3d at 1236 (internal quotation marks, citation, and brackets omitted). The Supreme Court explained the distinction between the situation where a defendant does not testify and where the defendant does testify.

> We see no reason to adopt a collateral Tachibana colloquy for instances where a defendant chooses to testify. It has been suggested that while the procedural safeguard of a waiver proceeding is required where a defendant does not testify, a similar proceeding is unnecessary if a defendant chooses to testify because of the likelihood that (1) the defendant has received "one or more such advisements from law enforcement officials during the course of a criminal investigation," (2) defense counsel would not "allow a defendant to take the stand without a full explanation of the right to remain silent and the possible consequences of waiving that right," and (3) any defendant who testifies would expect to be cross-examined.

> We concur that when a defendant takes the stand to present his or her own defense, the probability is great that the defendant and his or her counsel will have discussed the advantages and risks of testifying, the nature of the defense(s) to be presented during the defendant's testimony, and the subjects upon which the defendant will likely be challenged on cross-examination. Such a discussion must necessarily bring home to a defendant that, by taking the stand, he or she will have waived his or her right not to testify. In light of this greater probability, there is "less need for intervention by the trial court and an on-the-record advisement concerning these matters before the defendant testifies."

> In view of the foregoing, we hold that Tachibana does not require that the court engage in the colloquy if the defendant chooses to testify in his or her own behalf.

Id. at 296, 12 P.3d at 1237 (brackets, citations, and footnotes omitted).

Based on Lewis, we conclude that Tario's claim that her conviction must be vacated because the District Court did not advise her of her right not to testify is without merit. Tario

2

provides no basis for believing that her lawyer failed to properly advise her of that right. She also fails to provide a persuasive reason for this court to conclude that her decision to testify was anything other than voluntarily, knowingly, and intelligently made. See id. at 296, 12 P.3d at 1237; State v. Monteil, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014). Accordingly, we affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, June 26, 2015.

On the briefs:

Megan Kau
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Clizne R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

3